| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| John D. Sarai (SBN 259125)<br>Shield Law Group, APLC<br>15910 Ventura Blvd., Suite 710<br>Encino, CA 91436<br>Tel: (818) 732-4400<br>Fax: (818) 732-4500<br>info@shield.law<br><br><br>☐ Respondent appearing without attorney<br>☒ Attorney for Respondent: ABEL CAMACHO | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA · RIVERSIDE DIVISION**

| In re: | CASE NO.: 6:23-bk-13055-SY<br>CHAPTER: 7 |
|---|---|
| ABEL CAMACHO | **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT** |
| | DATE: 10/25/2023<br>TIME: 9:30 am<br>COURTROOM: 302<br>PLACE: 3420 Twelfth Street<br>Riverside, CA 92501-3819 |
| Debtor(s). | |

**Movant:** Creditor State of California, acting by and through the Department of Transportation

Any reply must be filed with the court and served on the responding party not later than 7 days prior to the hearing on the motion.

**Respondent:** ☒ Debtor   ☐ trustee   ☐ other:

> NOTE REGARDING FILING AND SERVICE OF RESPONSE, EXHIBITS AND DECLARATIONS:
>
> A copy of the Response, exhibit(s) and declaration(s) must be served upon:
>
> (1) Movant's attorney (or Movant, if Movant does not have an attorney);
> (2) the trustee; and
> (3) the judge who presides over this bankruptcy case.
>
> Then the document must be filed with the court.

1. ☐ **NONOPPOSITION**
   The Respondent does not oppose the granting of the Motion.

---

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

2. ☒ **LIMITED OPPOSITION**

   a. ☐ Respondent opposes the Motion only to the extent that it seeks immediate relief from stay.  Respondent requests that no lock out, foreclosure, or repossession take place before (date): _____ and the reason for this request is (specify):

   b. ☒ As set forth in the attached declaration of the Respondent or the Debtor, the motion is opposed only to the extent that it seeks a specific finding that the Debtor was involved in a scheme to hinder, delay or defraud creditors.

      The Debtor:
      (1) ☒ has no knowledge of the Property.
      (2) ☐ has no interest in the Property.
      (3) ☐ has no actual possession of the Property.
      (4) ☐ was not involved in the transfer of the Property.

   c. ☐ Respondent opposes the Motion and will request a continuance of the hearing since there is an application for a loan modification under consideration at this time.  Evidence of a pending loan modification is attached as Exhibit _____.

3. ☒ **OPPOSITION:** The Respondent opposes granting of the Motion for the reasons set forth below.

   a. ☐ The Motion was not properly served (specify):

      (1) ☐ Not all of the required parties were served.
      (2) ☐ There was insufficient notice of the hearing.
      (3) ☐ An incorrect address for service of the Motion was used for (specify):

   b. ☐ Respondent disputes the allegations/evidence contained in the Motion and contends as follows:

      (1) ☐ The value of the Property is $ _____, based upon (specify):

      (2) ☐ Total amount of debt (loans) on the Property is $ _____.

      (3) ☐ More payments have been made to Movant than the Motion accounts for.  True and correct copies of canceled checks proving the payments that have been made are attached as Exhibit _____.

      (4) ☐ There is a loan modification agreement in effect that lowered the amount of the monthly payments.  A true and correct copy of the loan modification agreement is attached as Exhibit _____.

      (5) ☐ The Property is necessary for an effective reorganization.  Respondent filed or intends to file a plan of reorganization that requires use of the Property.  A true and correct copy of the plan is attached as Exhibit _____.

      (6) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments are current.  A true and correct copy of the chapter 13 plan is attached as Exhibit _____ and proof that the plan payments are current through the chapter 13 trustee is attached as Exhibit _____.

      (7) ☐ The Property is insured.  Evidence of current insurance is attached as Exhibit _____.

This form is optional.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

(8) ☐ Movant's description of the status of the unlawful detainer proceeding is not accurate.

(9) ☒ Respondent denies that this bankruptcy case was filed in bad faith.

(10) ☒ The Debtor will be prejudiced if the Nonbankruptcy Action is allowed to continue the nonbankruptcy forum.

(11) ☒ Other (specify):
The Motion improperly and without grounds alleges the Debtor's bankruptcy was filed in bad faith with intent to hinder and delay Movant's non-bankruptcy state court proceeding filed against him.

c. ☒ Respondent asserts the following as shown in the declaration(s) filed with this Response:

(1) ☐ The bankruptcy case was converted from chapter ___ to chapter ___.

(2) ☐ All postpetition arrearages will be cured by the hearing date on this motion.

(3) ☐ The Property is fully provided for in the chapter 13 plan and all postpetition plan payments
☐ are current, or ☐ will be cured by the hearing date on this motion.

(4) ☐ The Debtor has equity in the Property in the amount of $ _____.

(5) ☐ Movant has an equity cushion of $ _____ or _____% which is sufficient to provide adequate protection.

(6) ☐ The Property is necessary for an effective reorganization because (specify):


(7) ☒ The motion should be denied because (specify):
Movant's Exhibits, without cause or justification, erroneously and misleadingly assert undisclosed assets in the Debtor's bankruptcy schedules and that could be property of the estate.

(8) ☒ An optional memorandum of points and authorities is attached in support of this Response.

## 4. EVIDENCE TO AUTHENTICATE EXHIBITS AND TO SUPPORT FACTS INSERTED IN THE RESPONSE:

Attached are the following documents in support of this Response:

☐ Declaration by the Debtor          ☒ Declaration by the Debtor's attorney
☐ Declaration by trustee             ☐ Declaration by trustee's attorney
☐ Declaration by appraiser           ☒ Other (specify): Memorandum of points and authorities


Date: 10/11/2023

Shield Law Group, APLC
Printed name of law firm for Respondent (if applicable)

John D. Sarai
Printed name of individual Respondent or attorney for Respondent


Signature of individual Respondent or attorney for Respondent

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

15910 Ventura Blvd., Suite 710
Encino, CA 91436

A true and correct copy of the foregoing document entitled: **RESPONSE TO MOTION REGARDING THE AUTOMATIC STAY AND DECLARATION(S) IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/11/2023 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Lynda T. Bui (TR) trustee.bui@shulmanbastian.com, C115@ecfcbis.com
John D Sarai info@shield.law, Sarai.JohnR101934@notify.bestcase.com
United States Trustee (RS) ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 10/11/2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Scott H. Yun
United States Bankruptcy Court, Central District of California
3420 Twelfth St., Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 10/11/2023 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Deborah L Goodman
California Department of Transportation - Legal Division
deborah.goodman@dot.ca.gov

Justin A. Mallory
Hall Griffin, LLP
jmallory@hallgriffin.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

10/11/2023    Claudia Garcia
Date        *Printed Name*             *Signature*

This form is optional. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

John D. Sarai (SBN 259125)
Shield Law Group, APLC
15910 Ventura Blvd., Suite 710
Encino, CA 91436
Tel: (818) 732-4400
Fax: (818) 732-4500
info@shield.law

Attorneys for Respondent Debtor
ABEL CAMACHO

Bankruptcy Case No.: 6:23-bk-13055-SY

## DECLARATION OF JOHN D. SARAI

I, John D. Sarai, hereby declare as follows:

1. I have personal knowledge of the following facts and testify hereto that if called upon as a witness, I could and would competently testify thereto in a court of law.

2. That I am the Attorney for Abel Camacho, the Debtor ("Debtor") in the above referenced Chapter 7 bankruptcy case filed on July 12, 2023.

3. On or about June 1st, 2020, Debtor was involved in a motor vehicle collision while driving a commercial truck and trailer for his employer at the time.

4. The collision allegedly caused damage to property, namely a bridge, owned and/or operated by the State of California ("the State").

5. On or about May 1st, 2023, the State filed a civil suit in the Superior Court of California for the County of Alameda against the Debtor and his employer at the time, California Interstate Express, LTD. bearing case number 23CV032255 ("The Civil Action").

6. The Civil Action alleged the following causes of action: 1) Negligence, 2) Negligence – Vicarious Liability, 3) Damage to Highway (otherwise property damage).

7. The Civil Action seeks damages of at least $2,135,909.00 against the named Defendants and DOES 1 through 100. It additionally seeks remedies for loss of use of the property, interest, costs of suit, and other expenses and relief according to proof and as deemed necessary.

1

SHIELD LAW GROUP, APLC

SHIELD LAW GROUP, APLC

8.    I have read the Civil Action in its entirety, and in my legal opinion, I do not find any causes of action or claims that would bring rise to an exception to discharge under 11 U.S.C. §§ 523 and 727, or any other statute or rule to bring rise to a  non-dischargeability complaint or adversary proceeding in bankruptcy court.

9.    The Debtor has filed for bankruptcy protection, which operates an automatic stay on all collection activities, including the commencement or continuation of judicial proceedings against the Debtor pursuant to 11 U.S.C. § 362(a).

10.    The Debtor's bankruptcy was filed in good faith and was not filed with the intention to hinder or delay the Civil Action.

11.    The State has filed suit against other parties and entities, and is entitled to continue its Civil Action against other third parties and applicable insurers. The Debtor is not essential to the Civil Action as a Defendant.

12.    The Debtor is insolvent, as shown and declared under penalty of perjury in his bankruptcy petition, statements, and schedules.

13.    The Debtor's initial § 341(a) Meeting of Creditors was held on August 17, 2023.

14.    The Debtor requested a Spanish interpreter at the initial Meeting of Creditors, which was facilitated by the Chapter 7 Trustee via telephone conferencing.

15.    Due to technical difficulties, the Spanish interpreter was disconnected, and the Meeting of Creditors proceeded with the Debtor speaking English.

16.    Counsel for the State made an appearance at that Meeting of Creditors, and after the Spanish interpreter had been lost and disconnected, conducted a questioning of the Debtor in English.

17.    Counsel for the State asked the Debtor, "And do you have an agreement with your employer at the time for indemnification?" and also asked, "Has your employer promised to indemnify you for the damages?" to which the Debor answered, "Yes." (See the State's Motion for Relief, Docket No. 11, page 24).

18.    The Debtor's interpretation of an "indemnification agreement" as brought forth by counsel for the State is solely limited to that of legal counsel being provided to him by and through his employer at the time of the subject vehicle collision and their insurance carrier, to represent him and his former employer as defendants in the Civil Action brought by the State.

2

19. Counsel for the Debtor then alleged an "indemnification agreement" to be an undisclosed asset of the bankruptcy estate, "just like insurance." (See the State's Motion for Relief, Docket No. 11, page 24).

20. The Chapter 7 Trustee therefore continued the Meeting of Creditors for the Debtor to provide her with documents and information about the Debtor's personal auto policy in effect at the time of the incident and "any contract or information related to the indemnity claim."

21. The Meeting of Creditors was continued to September 14, 2023.

22. On August 22, 2023, my office furnished to the Chapter 7 Trustee, via email, a copy of the Debtor's personal, individual, and non-commercial vehicle insurance policy renewal and declarations pages in effect at the time of the subject vehicle collision that brought rise to the Civil Action.

23. On August 28, 2023, I also emailed the Trustee's office on behalf of my client, to inform the Trustee that the Debtor is not aware of any indemnification agreements with his former employer, aside from an understanding that his former employer by and through their own insurance carrier, would represent him in the Civil Action.

24. On September 11, 2023, I emailed the Trustee's office copies of the Debtor's personal, individual, and non-commercial vehicle insurance policy's Provisions, Conditions, Endorsements, Amendments and Exclusions.

25. On September 14, 2023, the Debtor's continued Meeting of Creditors was conducted with the Chapter 7 Trustee, and at which counsel for the State made another appearance in order to ask further questions.

26. Counsel for the State's questioning was irrelevant, leading, and improper for a Meeting of Creditors, and clearly conducted in a deposition-like manner for purposes of discovery and fact-gathering to be used in the Civil Action.

27. Additionally, and ultimately, the Chapter 7 Trustee ended the questioning, stated to counsel for the State that she would have an "off the record' conversation with her, and ended the hearing.

28. The Meeting of Creditors was continued to September 28, 2023.

29. On September 21, 2023, I was informed by the Chapter 7 Trustee no appearance would be required at the continued Meeting of Creditors on September 28, 2023 and that the Meeting had been concluded.

30. On September 29, 2023, the Chapter 7 Trustee's Report of No Distribution was reported on the Docket.

31. On the same day, the State, by and through counsel, filed their Motion for Relief [Docket No. 11], alleging, among other things, that the Debtor engaged in bad faith with the intent to hinder and delay the State's Civil Action by filing for bankruptcy.

32. In direct contradiction with the allegations against the Debtor, the Motion for Relief also "seeks recovery only from applicable insurance and waives any deficiency or other claim against the Debtor or property of the Debtor's bankruptcy estate," and "seeks recovery primarily from third parties and agrees that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or bankruptcy estate."

33. The Motion for Relief provides as an Exhibit, an independent audio transcription of the Debtor's initial Meeting of Creditors held on August 17, 2023, bearing the title of the State Superior Court the Civil Action is being held in, all plaintiffs, defendants and parties to the Civil Action, and the Civil Action case number, and captioned in the form of a pleading and/or exhibit to be used in the Civil Action.

34. Oddly enough, the Motion for Relief does not provide such an independent audio transcription of the Debtor's continued Meeting of Creditors held on September 14, 2023 and concluded thereafter.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 11, 2023

John D. Sarai,
Attorney for Respondent Debtor
Abel Camacho

SHIELD LAW GROUP, APLC

4

John D. Sarai (SBN 259125)
Shield Law Group, APLC
15910 Ventura Blvd., Suite 710
Encino, CA 91436
Tel: (818) 732-4400
Fax: (818) 732-4500
info@shield.law

Attorneys for Respondent Debtor
ABEL CAMACHO

Bankruptcy Case No.: 6:23-bk-13055-SY

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Motion for Relief ("the Motion") filed by Movant State of California ("Movant") is properly denied in part because the allegations in the Motion are ungrounded, unreasonable, and unwarranted. The Motion asserts that Abel Camacho, Debtor in this Chapter 7 Bankruptcy ("the Debtor") filed his bankruptcy in bad faith simply because he filed a bankruptcy. The facts= that Movant is by far the largest creditor among the small number of creditors in this bankruptcy and the fact that the bankruptcy was filed after Movant's civil non-bankruptcy action was commenced cannot conceivably provide a reasonable basis to support the Motion's allegations.

Movant's non-bankruptcy civil causes of action are limited to negligence, vicarious liability, and property damage. No facts have been alleged to warrant non-dischargeability of a debt or a denial of discharge. It is a well-known fact that civil actions and judgments in tort and contract are among the top reasons debtors file for bankruptcy. Claiming the Debtor's bankruptcy to be in bad faith because the Debtor filed a bankruptcy defies law and logic, regardless of any previous non-bankruptcy action filed by the Movant.

Additionally, Movants non-bankruptcy action is primarily against a third party co-defendant, Debtor's former employer, with recovery sought from them and their commercial liability insurance carrier. This fact, as asserted in the Motion, is in direct contradiction with Movant's allegations of bad faith and intent to hinder and delay their non-bankruptcy action. Debtor was an employee on the job at the time of the subject collision for which he and his employer are being sued. Debtor is insolvent. The Debtor is a dispensable party to the non-bankruptcy action and serves no purpose beyond that of a witness. The Chapter 7 Trustee has filed their Report of No Distribution after a diligent inquiry into the financial affairs of the Debtor. A finding of bad faith and intent to hinder and delay the non-bankruptcy action would severely prejudice the Debtor in any forum. Movant's non-bankruptcy action would have proceeded as is without any harm or injustice to Movant whether or not the Debtor is a defendant and whether or not Debtor filed a bankruptcy. A six-figure judgment against him would be uncollectable either way.

Moreover, Movant's Exhibit providing an independent audio transcription of the Debtor's initial Meeting of Creditors (obviously prepared for use in the non-bankruptcy action) is misleading at best. The Debtor's private, personal, and non-commercial motor vehicle policy, which like all such individual vehicle policies, excludes coverage when driving a vehicle for commercial purposes. Secondly, the Debtor's subjective conception of an "indemnification agreement" is merely legal representation provided by his former employer's insurance carrier. These cannot be seen as "assets" of the bankruptcy estate. Should Movant believe there are facts to the contrary, the discovery process in the non-bankruptcy action would the proper route for such information, not a Meeting of Creditors. This tactic to circumvent the discovery process in ongoing civil litigation by questioning the Debtor as to facts unrelated to bankruptcy was caught on to by both Counsel appearing for the Debtor and the Chapter 7 Trustee at the continued Meeting of Creditors. This is also why Counsel for the Movant intentionally and obviously chose not to include a transcript of the continued Meeting of Creditors as an Exhibit to their Motion and instead only included a transcript of the initial Meeting.[1]

---

[1] Should a transcript of the continued Meeting of Creditors be necessary, Debtor is willing to obtain one to provide as evidence.

II.    MEMORANDUM OF AUTHORITIES

Pursuant to 11 U.S.C § 362(a), a bankruptcy petition operates as a stay of "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

Pursuant to 11 U.S.C § 362(d), the bankruptcy court, on request of a party in interest and after notice and a hearing, must grant relief from the automatic stay, such as by terminating, annulling, modifying, or conditioning the stay, upon a showing of cause.

"The decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court, and [appellate courts] review such decision under the abuse of discretion standard." *In re Conejo Enters., Inc.,* 96 F.3d 346, 351 (9th Cir. 1996) (citing *In re Arnold*, 806 F.2d 937, 938 (9th Cir.1986).

The automatic stay "gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." *Conejo, 96 F.3d at 351* (internal citations omitted). In order to effectuate these purposes, "Congress intended the scope of the stay to be broad." *In re Computer Commc'ns, Inc.*, 824 F.2d 725, 729 (9th Cir. 1987).

"A creditor may move for relief from automatic stay under 11 U.S.C. § 362, which provides that a bankruptcy court "shall grant relief from the stay" upon a showing of "cause." 11 U.S.C. § 362(d). "Cause" is determined on a case-by-case basis." *In re Tucson Estates, Inc.*, 912 F.2d 1162, 1166 (9th Cir. 1990)) (citation omitted).

To determine if "cause" exists under §362(d), courts often analyze twelve factors set forth in *In re Curtis*, 40 B.R. 795 (Bankr. D. Utah 1984). These factors, which have come to be known as the "Curtis factors," are as follows::

1. Whether the relief will result in a partial or complete resolution of the issues;

2. The lack of any connection with or interference with the bankruptcy case;

1  3. Whether the foreign proceeding involves the debtor as a fiduciary;

2  4. Whether a specialized tribunal has been established to hear the particular cause of

3  action and whether that tribunal has the expertise to hear such cases;

4  5. Whether the debtor's insurance carrier has assumed full financial responsibility for

5  defending the litigation;

6  6. Whether the action essentially involves third parties, and the debtor functions only as

7  a bailee or conduit for the goods or proceeds in question;

8  7. Whether the litigation in another forum would prejudice the interests of other

9  creditors, the creditors' committee and other interested parties;

10  8. Whether the judgment claim arising from the foreign action is subject to equitable

11  subordination under Section 510(c)9. Whether movant's success in the foreign

12  proceeding would result in a judicial lien avoidable by the debtor under Section

13  522(f)10. The interests of judicial economy and the expeditious and economical

14  determination of litigation for the parties;

15  11. Whether the foreign proceedings have progressed to the point where the parties are

16  prepared for trial, and

17  12. The impact of the stay on the parties and the "balance of hurt."

18  *Truebro, Inc. v. Plumberex Specialty Prods., Inc. (In re Plumberex Specialty Prods., Inc.)*, 311

19  B.R. 551, 559 (Bankr. C.D. Cal. 2004).

20

21  III.    CONCLUSION

22      Debtor makes no opposition or objection to Movant proceeding against third parties and

23  insurers in its non-bankruptcy action. What Debtor opposes is that they proceed with a finding

24  that the bankruptcy was filed in bad faith and with intent to hinder and delay their action,

25  combined with a transcript of the Debtor's initial Meeting of Creditors, to misleadingly and

26  prejudicially be used against the Debtor as his statement admitting to some non-existent and

27  allegedly undisclosed "indemnification agreement."

28

1         For these reasons, the Debtor asks this Court for an order granting relief only in part and

2    limited only to seeking recovery from third parties and their insurance carrier and not against the

3    Debtor personally, and for an order denying relief based on all other claims.

4

5

6    Dated:  October 11, 2023                                          Shield Law Group, APLC

7

8

9                                                                                          John D. Sarai
                                                                                            Attorney at Debtor,
10                                                                                          Abel Camacho

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28