1  ERIN HOLBROOK, Chief Counsel
G. MICHAEL HARRINGTON, Deputy Chief Counsel
2  MARK GUENZI, Assistant Chief Counsel
DEBORAH L. GOODMAN, Deputy Attorney (SBN 276259)
3  Caltrans Department of Transportation – Legal Division
Mail: P.O. Box 24325, Oakland, CA 94623-1325
4  Tel: (510) 433-9100
Fax: (510) 433-9167
5  Email: Deborah.Goodman@dot.ca.gov
6
7  *Attorneys for Creditor State of California*
*acting by and through the Department of Transportation*
8

```
┌─────────────────────────┐
│         FILED           │
│   ┌─────────────────┐   │
│   │  OCT 18 2023    │   │
│   └─────────────────┘   │
│ CLERK U.S. BANKRUPTCY   │
│        COURT            │
│ CENTRAL DISTRICT OF     │
│      CALIFORNIA         │
│ BY:            Deputy   │
│                Clerk    │
└─────────────────────────┘
```

9              **UNITED STATES BANKRUPTCY COURT**

10     **CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

11     In Re: Abel Camacho,            ) Case No.: 6:23-bk-13055-SY
                                      )
12              Debtor.              ) **REPLY IN SUPPORT OF STATE OF**
                                      ) **CALIFORNIA'S MOTION FOR RELIEF FROM**
13                                    ) **THE AUTOMATIC STAY**
                                      )
14                                    )
                                      ) Date: October 25, 2023
15                                    ) Time: 9:30 A.M.
                                      ) Courtroom: 302
16                                    )

Good cause exists to grant this motion on the grounds that (1) Creditor State of California (the "State") seeks recovery primarily from third parties in the pre-petition state court case, *State of California v. California Interstate Express, LTD et al.* (Alameda County Superior Court Case No. 23CV032255) (the "State Court Action"), on the condition that the stay remains in effect as to the enforcement of any resulting judgment against Debtor Abel Camacho ("Debtor") or the bankruptcy estate; and (2) the facts present here suggest Debtor acted in bad faith. Debtor concedes the first grounds. As to the second, Debtor misunderstands the State's contentions.

**I.      The State Seeks Such Relief in Order to Pursue Recovery Against Third Parties in a State Court Action, Which Will Not Interfere with the Administration of the Bankruptcy Estate**

Section 362 of the Bankruptcy Code requires the Court to grant relief from the automatic stay upon a showing of "cause". 11 U.S.C. § 362(d). "Cause" is not defined in the Code. Instead, courts typically rely on the so-called *Curtis* factors, among others, to determine if cause exists. *In re Roger*, 539 B.R. 837, 844-845. Those factors are:

(1) Whether the relief will result in a partial or complete resolution of the issues;

(2) The lack of any connection with or interference with the bankruptcy case;

(3) Whether the foreign proceeding involves the debtor as a fiduciary;

(4) Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

(5) Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

(6) Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

(7) Whether the litigation in another forum would prejudice the interests of other creditors, the creditor's committee and other interested parties;

(8) Whether the judgment claim arising from the foreign action is subject to equitable subordination;

(9) Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

(10) The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

(11) Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

(12) The impact of the stay and the "balance of hurt."

1     *Id.* at 844-45 (quoting *In re Curtis*, 40 B.R. 795, 799-800 (Bankr.D.Utah 1984)). "The most important

2     factor in determining whether to grant relief from the automatic stay to permit litigation against the

3     debtor in another form is the effect of such litigation on the administration of the estate." *Id.* at 845

4     (cleaned up).

5         Several *Curtis* factors tip in favor of granting the relief requested here. Granting this motion

6     would permit the State to recover from third parties, including Debtor's former employer and its

7     insurance company.[1] Granting this motion will not interfere with the administration of the estate or

8     affect the property of the bankruptcy estate. (Debtor does not argue otherwise.) In the event the State

9     Court Action results in a judgment, the State agrees that the stay remains in effect as to enforcement of

10    such a judgment against Debtor or the bankruptcy estate. The State Court Action does not involve the

11    Debtor as a fiduciary. The State Court Action involves multiple parties. Finally, no creditor or other

12    interested party would be prejudiced by permitting the State Court Action to proceed. *See also, Roger,*

13    539 B.R. at 853 (reversing bankruptcy court's denial of motion for relief from stay to pursue recovery

14    from third parties in another forum when multiple *Curtis* factors indicated that cause existed to grant

15    relief); *Matter of McGraw*, 18 BR 140, 142-143 (Bankr.W.D.WI 1982) (granting relief to personal injury

16    creditor who sought recovery from debtor's employer and employer's insurer).

17        Debtor does not oppose the motion on this ground. *See* Dkt. No.14, p.12:22-23. It appears, then,

18    that the parties agree that good cause exists to grant the relief requested in this motion under *Curtis* and

19    its progeny. This Court should as well and grant the motion.

20    **II.   Debtor's Lack of Good Faith Also Constitutes "Cause" for the Same Relief**

21        Debtor's limited opposition is directed towards the "bad faith" grounds as cause for relief from

22    the automatic stay under 11 U.S.C. § 362(d). Debtor asserts, without citation, that the State's arguments

23    "def[y] law and logic". Dkt #14, p.9:25-26. Debtor is incorrect.

24        It is well established that lack of good faith can constitute "grounds" for lifting or modifying the

25    automatic stay. *In re Can-Alta Properties, Ltd.*, 87 B.R. 89, 91 (9th Cir. 1988); *In re Blas*, 614 B.R. 334,

26

27

28    [1] It is presently unknown whether the terms of the insurance policy require Debtor to be named as a defendant in the State
     Court Action as a prerequisite to recovering policy proceeds. Accordingly, the State cannot dismiss the Debtor from the State
     Court Action at this time.

REPLY IN SUPPORT OF STATE OF CALIFORNIA'S MOTION FOR RELIEF FROM AUTOMATIC STAY

1   341 (D. Alaska 2019). Factors courts consider include whether there are few, if any, unsecured creditors,

2   and the timing of the bankruptcy. *See, e.g., In re Can-Alta Properties, Ltd.,* 87 B.R. at 91-92; *In re Ebell*

3   *Media, Inc.,* 462 Fed. Appx. 674, 675-76 (9th Cir. 2011).

4         Those factors are present in this case. The State is by far the largest unsecured creditor, as

5   $2,135,909.00 of Debtor's $2,145,765.00 in total liabilities (or 99.5%) are owed to the State. *See* Dkt.

6   No. 11, pp.11-13 (Official Forms 106Sum and 106E/F). Debtor did not file his petition until after he was

7   served with the State Court Action complaint. (*Id.*, p.7, ¶ 6.e.(2), p.32.) There is no evidence that Debtor

8   was being pursued by other creditors before filing for bankruptcy. Further, Debtor testified that his only

9   reason for filing for bankruptcy was to escape an inevitable judgment against him in the State Court

10  Action. *See* Dkt. No. 11, p.24:9-10, pp.22:15-23:6. This is a "no-asset" case. If Debtor has no assets to

11  protect, no assets are at risk in the event of a judgment against Debtor.[2] Therefore, the only purpose

12  served by filing the bankruptcy petition is to delay the State Court Action and hinder the State's recovery

13  against third parties in that action. These facts warrant granting the State relief from the Stay. *In re Ebell*

14  *Media, Inc.,* 462 Fed. Appx. at 675-76 (affirming bankruptcy court's termination of automatic stay

15  where bankruptcy case involved essentially a two-party dispute, there was no estate to be administered,

16  and the only practical purpose of filing the bankruptcy petition was to stop litigation in another forum).

17        Debtor's limited opposition accuses the State of misleading the Court as to the existence of an

18  agreement or agreements between Debtor and his former employer. However, Debtor reads into the

19  motion arguments that are not there. The State does not contend that any agreement between Debtor and

20  his former employer constitutes bad faith. (*See* Dkt. No. 11, p.7 ¶ (e) (omitting any reference to such

21  agreements in grounds for motion).) Debtor's personal attacks are unwarranted.

22        There are facts in this case from which one can conclude that Debtor lacked good faith in seeking

23  bankruptcy protection. These facts justify relief from the automatic stay to permit the State to pursue

24  recovery from third parties.

25  ///

26  ///

27  

28  [2] See also Cal. Lab. Code § 2802 (requiring employers to indemnify employees for losses incurred through scope of employment).

REPLY IN SUPPORT OF STATE OF CALIFORNIA'S MOTION FOR RELIEF FROM AUTOMATIC STAY

1 | **III.    Conclusion**

2      Good cause exists to grant the requested relief on two grounds: (1) because the State seeks

3 | recovery primarily from third parties in the State Court Action and agrees that the Stay remains in effect

4 | as to enforcement of any resulting judgment against Debtor or the bankruptcy estate; and (2) because

5 | Debtor's words and actions evidence bad faith. Debtor agrees as to the first ground and attacks a straw

6 | man with the second. Therefore, the Court should grant this motion.

7

8 | Dated:  October 13, 2023

9 | ERIN HOLBROOK
G. MICHAEL HARRINGTON

10 | MARK GUENZI
DEBORAH L. GOODMAN

11 | By _____ */s/ Deborah L. Goodman* _____
DEBORAH L. GOODMAN

12

13 | *Attorneys for Creditor State of California,*
*acting by and through the Department of Transportation*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
111 Grand Avenue, Suite 11-100, Oakland, CA 94612

A true and correct copy of the foregoing document entitled (*specify*): REPLY IN SUPPORT OF STATE OF
CALIFORNIA' S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method
for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __10/17/2023____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

1 - Debtor's Attorney via EMAIL: John D. Sarai at john@shield.law

2 - Bankruptcy Trustee via Overnight Mail: Lynda T. Bui (TR), Shulman Bastian Friedman & Bui LLP, 3550 Vine Street,
Suite 210, Riverside, CA 92507;

3 - Judge via Overnight Mail: Hon. Judge Scott H. Yun, RIVERSIDE DIVISION, U.S. Bankruptcy Court, 3420 Twelfth
Street. Suite 345, Riverside, CA 92501

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/18/2023 | EMIGDIO LOPEZ-ACOSTA | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**